IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-324
(3:04-cr-197)

| | |
|---|---|
| TIMOTHY GOVERNOR ALEXANDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, (Doc. No. 1), and the parties' cross-motions for summary judgment. The Government filed a Motion for Summary Judgment, (Doc. No. 9), and the Court advised Petitioner in accordance with Roseboro v.Garrison, 528 F.2d 309 (4th Cir. 1975), of his obligation to respond with evidence, (Doc. No. 10: Order). Petitioner filed a Response and Motion for Summary Judgment, including his own affidavit. (Doc. No. 11). For the reasons that follow, the Government's Motion for Summary Judgment will be granted, Petitioner's Motion for Summary Judgment will be denied, and Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 will be denied and dismissed.

I.  BACKGROUND

On December 14, 2004, Petitioner and two others were named in a three-count Indictment for the robbery of D. Phillips Diamond World, in Gastonia, North Carolina. (3:04-cr-197, Doc. No. 16). On July 25, 2005, Petitioner entered guilty pleas to Counts One (conspiracy

to commit Hobbs Act Robbery) and Two (Hobbs Act Robbery), in exchange for dismissal of Count Three (18 U.S.C. § 924(c) violation). (Id., Doc. No. 45: Plea Agreement at 1; Doc. No. 48: Acceptance and Entry of Guilty Plea). The Plea Agreement contained a waiver of the right to appeal on any ground except ineffective assistance of counsel and prosecutorial misconduct. (Id., Doc. No. 45: Plea Agreement at 4-5).

On May 25, 2006, the Court sentenced Petitioner to 235 months' imprisonment to run consecutively to a 60-month sentence Petitioner was already serving for a robbery in the Middle District of North Carolina and entered its Judgment on June 27, 2006. (Id., Doc. No. 66 at 2). On July 7, 2006, Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. That court dismissed the appeal on February 27, 2007, and later issued its Mandate on March 23, 2007, based on the appellate waiver in the Plea Agreement. (Doc. No. 82: Order; Doc. No. 83: Mandate).

On July 19, 2010, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1). The initial question is whether Petitioner's § 2255 motion is timely. For the reasons that follow, the Court finds that his motion is not timely; therefore, it will be dismissed.

## II.     STANDARD OF REVIEW

### A.     Section 2255

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the Government to respond. Id. The Court must then review the Government's answer and motion for summary judgment and any materials submitted by the parties to determine whether an

evidentiary hearing is warranted under Rule 8(a). Petitioner has requested an evidentiary hearing. (Doc. No. 1: Memorandum at 5). having considered the record in this matter, the Court finds it is clear that Petitioner is not entitled to relief; therefore, an evidentiary hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

  B. Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

**III. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, imposes a one-year statute of limitations period for the filing of a motion to vacate. In the instant case, the statutory limitation period began to run from "the date on which the judgment of conviction [became] final[.]" 18 U.S.C. § 2255(f)(1). "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). Thus, for § 2255 purposes, the Judgment entered by this Court on June 27, 2006, and affirmed by the Fourth

3

Circuit on February 27, 2007, became final on or about May 31, 2007.[1]

The earliest date the § 2255 motion could be considered filed is July 16, 2010, when Petitioner claims he placed the motion in the prison mailing system. (Doc. No. 1 at 12); Houston v. Lack, 487 U.S. 266 (1988) (finding that prisoner's mail is deemed filed when it is delivered to the prison officials for mailing to the district court). The Government moves for summary judgment, in part, on the basis that the Motion to Vacate was not filed within a year of when the judgment became final. (Doc. No. 8: Answer at 11-12; Doc. No. 9: Motion for Summary Judgment at 1). The Court warned Petitioner that failure to respond to the Motion for Summary Judgment with evidence could result in dismissal of his Motion to Vacate. (Doc. No. 10: Order). However, Petitioner did not address the timeliness of his § 2255 motion in his Response, nor did he provide any evidence of why it should be considered timely. (Doc. No. 11). Accordingly, the Government is entitled to summary judgment because the Motion to Vacate was not filed within one year of the date on which the Judgment became final.

Petitioner did address the timeliness of his motion at Paragraph 18 of the standard § 2255 form. (Doc. No. 1). There he asserts, without documentary support, that he did not learn that his appeal had been dismissed until April 17, 2009. (Id.). Until that time, Petitioner claims he believed that his appeal was still being litigated. (Id.). The Government's Answer includes an Affidavit and supporting letter from former counsel that he informed Petitioner on or about March 30, 2007, that the appeal had been dismissed. (Doc. No. 8: Exhibit 3 at 8, Exhibit 4). Additionally, the Fourth Circuit's docket shows that after Petitioner corresponded with that court on April 6, 2009, the court informed him directly that his case was closed. (Case No. 06-4720,

---

[1] The time period to seek certiorari ends ninety days after the appellate court enters judgment, or sixty-nine days after the appellate court issues its mandate. Clay, 537 U.S. at 525.

Doc. No. 43: Letter; Doc. No. 44: Notice). Petitioner acknowledged that communication and his understanding that the appeal had been dismissed in a letter received by the Fourth Circuit on April 13, 2009. (Id., Doc. No. 45). The court repsonded by sending him a copy of the dismissal order and docket sheet the same day. (Id., Doc. No. 46). Even so, Petitioner did not file his Motion to Vacate until 15 months later.

An untimely filing may be excused under the doctrine of equitable tolling. To obtain such relief, the Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). However, this remedy is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (finding a prisoner must be precluded from compliance by circumstances external to his own conduct).

The record clearly shows that Petitioner is not entitled to equitable tolling. After his appeal was filed in July 2006, he waited nearly three years to contact the Fourth Circuit about the status of his appeal. Once informed directly by that court that the appeal was dismissed, Petitioner still delayed 15 months before filing his § 2255 motion. Therefore, even without considering his former counsel's Affidavit and supporting letter that he notified Petitioner of the ruling in March 2007, the Court finds that Petitioner has not shown he was diligent in pursuing his rights and that some extraordinary circumstance external to his own conduct prevented him from timely filing his Motion to Vacate. Thus, this is not a rare instance where it would be unconscionable to enforce the limitations period.

5

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion, (Doc. No. 1), is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 20, 2012

Robert J. Conrad, Jr.
Chief United States District Judge