**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:10-cv-324-RJC**
**(3:04-cr-197-RJC-DCK-1)**

| | |
|---|---|
| **TIMOTHY GOVERNOR ALEXANDER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | |
| ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, (Doc. No. 24), and Petitioner's Motion for Summary Judgment, (Doc. No. 25).

## I.    BACKGROUND

Petitioner filed a *pro se* Motion to Vacate that was docketed in the instant civil case pursuant to 28 U.S.C. § 2255 on July 15, 2010, (Doc. No. 1), arguing that his plea was involuntary, counsel was ineffective, and the prosecutor committed misconduct. The Court dismissed the § 2255 motion as time-barred on November 20, 2012. (Doc. No. 17). The Fourth Circuit Court of Appeals dismissed his appeal on March 1, 2013. (Doc. No. 22).

On March 19, 2013, Petitioner filed a second § 2255 proceeding that was opened as a new civil case, number 3:13-cv-194-RJC. The Court dismissed it as an unauthorized successive § 2255 on August 11, 2015. (3:13-cv-194, Doc. No. 2).

Petitioner filed the instant Rule 60(b)(4) Motion in this case on September 23, 2015. (Doc. No. 24). He argues that the Court's dismissal of his § 2255 Motion to Vacate was erroneous in

1

light of <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), and <u>Trevino v. Thaler</u>, 569 U.S. 413 (2013). He

argues that he is not attempting to present a new reason to support relief from his conviction or

sentence, and that he was deprived of counsel at his initial-review collateral proceeding. He seeks

an order granting § 2255 relief and appointing him counsel. In his Motion for Summary Judgment,

(Doc. No. 25), he reiterates his claim for relief and seeks default because the Government failed

to respond to his Rule 60(b) motion.

## II.    LEGAL STANDARDS

Rule 60 provides permits a court to correct orders and provide relief from judgment under

the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through

(3), "no more than a year after the entry of the judgment or order or the date of the proceeding."

Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden

of showing timeliness. <u>Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC</u>, 859 F.3d 295 (4th

Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final

judgment." <u>Compton v. Alton Steamship Co., Inc.</u>, 608 F.2d 96, 102 (4th Cir. 1979) (citation and

internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. <u>See</u> <u>Aikens v. Ingram</u>, 652 F.3d 496, 501 (4th Cir. 2011); <u>Werner v. Carbo</u>, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing <u>Compton</u>, 608 F.2d at 102). If a petitioner satisfies these requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). <u>Werner</u>, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." <u>Dowell v. State Farm Fire Cas. Auto. Ins. Co.</u>, 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). <u>Id.</u>

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." <u>Winestock</u>,

340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

### III. DISCUSSION

Petitioner seeks Rule 60(b) relief because new Supreme Court cases show that the Court erred by dismissing his § 2255 Motion to Vacate because Supreme Court cases show that is not procedurally defaulted.

First, Petitioner's Rule 60(b) relief is untimely. He claims that Supreme Court cases Martinez v. Ryan, 566 U.S. 1 (2012), issued March 20, 2012, and Trevino v. Thaler, 569 U.S. 413 (2013), issued May 23, 2013, demonstrate that his § 2255 Motion to Vacate was not procedurally defaulted and that he should be permitted to proceed on his Motion to Vacate with counsel. However, the Court issued its Order disposing of his § 2255 Motion to Vacate on November 20, 2012, *after* Martinez was issued, and he filed the instant Motion more than three-and-a-half years later on September 23, 2015. Petitioner filed the instant Motion more than two years after Trevino was issued. Petitioner has failed to demonstrate that his motion was timely filed under these circumstances. See Moses v. Joyner, 815 F.3d 163 (4th Cir. 2016) (affirming denial of Rule 60(b) motion as untimely where petitioner filed the motion 2 ½ years after Martinez and 15 months after Trevino).

Moreover, Martinez and Trevino provide Petitioner no relief. These cases allow federal habeas courts to review certain ineffective assistance of trial counsel claims that would otherwise be procedurally barred. They are inapplicable to determining timeliness of a petition filed under the Prison Litigation Reform Act. See Benfield v. Hunt, 2018 WL 576347 (W.D.N.C. Jan. 26, 2018); Bush v. Perry, 2015 WL 11120714 (W.D.N.C. April 21, 2015), *appeal dismissed*, 610 Fed.

Appx. 311 (4th Cir. 2015).

Petitioner's Motion for Summary Judgment is meritless insofar as it reiterates his claim for Rule 60(b) relief. Further, the allegation that the Government had some obligation to respond to his Rule 60(b) Motion, and that it defaulted its obligation, is misguided. <u>See</u> <u>generally</u> See Rule 5(a), Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly, the Motion for Summary Judgment is denied.

## IV.  CONCLUSION

For the reasons stated herein, Petitioner's Rule 60(b) Motion and Motion for Summary Judgment are both denied.

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's Motion Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, (Doc. No. 24), is **DENIED**.

2.  Petitioner's Motion for Summary Judgment, (Doc. No. 25), is **DENIED**.

3.  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right); <u>see</u> <u>also</u> <u>United States v. Ethridge</u>, 664 Fed. Appx. 304 (4th Cir. 2016) (a defendant is required to obtain a COA to appeal

the denial of a Rule 60(b) motion that is not recharacterized as a § 2255 motion to vacate).

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge